ROBERT L. BLAND, Judge.
Claimant Fleta Corder prosecutes this proceeding against the state road commission of West Virginia for the purpose of obtaining an award in the sum of $50,000.00 to compensate her by way of damage for personal injury sustained and suffered by her at a time and under circumstances and conditions as hereinafter detailed and set forth.
The state road commission having deemed it expedient and necessary to make certain changes and relocations on U. S. highway No. 50, in Preston county, West Virginia, entered *2 into a contract with the Keeley Construction Company, a corporation, for the completion of project F-151-(8), Buffalo Creek Bridge and approaches at Macomber Road, in said county. It was necessary to secure certain rights of ways. For that purpose condemnation proceedings were instituted in the circuit court of said county of Preston, against certain persons owning property bordering' on said project, including claimant Fleta Corder and Vaughan Corder, her husband, who jointly owned the land on which they resided in a small one-story cottage. To enable the work to progress with necessary speed and diligence, orders of entry upon the premises through which said project extended were granted by said circuit court. The right of way through the land owned by claimant and her husband embraced a few inches of their residence property, it being understood that upon the completion of the work the location of said residence would necessarily have to be changed. The proximity of the residence to the road to be rebuilt was so close that claimant had at all times a clear and unobstructed view of the work and grading done on the road. The grade of the road was a few feet higher than the laird upon which claimant resided, thus creating a small embankment or. the side of the highway in front of her home. For the purpose of convenience in enabling claimant to enter hei premises from the new grade of the highway, an approach was made from the road to her premises. This was dime by depositing several truckloads of dirt. The approach was near a '■mall wooden garage.
On the night before Christmas of 1947, claimant and net husband drove in their automobile from their home to the home of a near relative for the purpose of exchanging Christmas presents. After their visit they returned to their home Upon arriving there the automobile was not stopped at the point where the approach from the new road to their premises liad been constructed. On the contrary the automobile was ch iven approximately seventy-five feet beyond the approach Claimant being in a hurry to get out of the car did not wait foi her husband to assist her in doing so, but preceded him: and. m she testified before the court, “stumbled and fell." As a *3 result i.i the fall her left ankle was very seriously fractured. When the accident occurred it was in the early hours of Christinas morning, the evidence before the court being conflicting as to the exact time. The extent of her injuries necessitated hospitalization. She was first taken to the Grafton hospital and afterward removed to St. Mary’s hospital in Clarksburg. West Virginia. The period of her hospitalization extended, to February 3, 1948. Heavy expenses were incurred in the way of hospitalization and surgical treatment.
After all evidence had been heard by the court, in support of the claim and against it, the members of the court visited and inspected the scene of the accident in Preston county, and art unanimously of opinion that there is no merit in the claim so far as the responsibility of the state to pay it, or any part ol n. is concerned. Claimant knew the condition of the roadbed. Day by day for a long period of time she was personally aware of what was going on in the construction of the road i )n the morning of the accident, without lantern, torchlight or illumination of any kind she hurriedly got out of her automobile and crossed the road. There was no occasion for her to go from the approach to her premises to the point seventy-five feet distant where she alighted from the automobile She did not exercise ordinary prudence. We are impressed by the thought that her accident, unfortunate as it proved to be, was the result of her own imprudence and negligence Her claim is not one which the state as a sovereign commonwealth should discharge and pay. The work of the road commission was being done under due authority of law In the relocation of the highway the road commission was engaged m the exercise of a governmental function.
Tin right. of a person to use the highways of the state is subject and subordinate to the right of the state to exercise and discharge its governmental functions; and the state does not guarantee freedom from accident of persons using such, highway.-.
A>- award is denied and the claim dismissed.